UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JARED WOODFILL, *et al.*, | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| v. | §  CIVIL ACTION H-14-2249 |
| | § |
| ANNISE D. PARKER, *et al.*, | § |
| | § |
| *Defendants*. | § |

**ORDER OF REMAND**

On August 4, 2014, Houston Mayor Annise Parker announced that a petition drive seeking the repeal of City Ordinance 2014-530 (colloquially referred to as the Houston Equal Rights Ordinance or "HERO") failed to obtain the required number of valid signatures to proceed. Dkt. 2 at 3 ¶ 8; Katherine Driessen & Mike Morris, *City's Rights Ordinance Fight Not Over*, HOUS. CHRON., Aug. 5, 2014, at A1. The following afternoon, plaintiffs, alleged registered voters who signed the repeal petition, filed suit in Harris County state court and requested a declaration that the petition was timely filed and otherwise valid. Dkt. 2, Ex. A (original petition) at 11–12. Plaintiffs alleged that defendants' rejection caused them irreparable harm because their petition rights under the City Charter could only be exercised within 30 days of the ordinance's enactment or publication, whichever is later. *Id.* at 10 ¶ 17. Plaintiffs contend that defendants have effectively "stripped . . . Plaintiffs from their right to petition government for a redress of their grievances, in violation of the Houston City Charter, as well as the State and Federal Constitutions." *Id.* Seizing on plaintiffs' reference to a violation of federal rights, defendants removed the case on August 6, 2014.

It is hornbook law that federal courts are courts of limited jurisdiction and may only hear cases within their statutory or constitutional grants of power. *Home Builders Ass'n of Miss., Inc. v.*

*City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a removed case is not within the federal court's subject-matter jurisdiction, the court must remand the case to state court. 28 U.S.C. § 1447(c). In certain circumstances, federal courts may remand cases outside their purview *sua sponte*, in order to protect their limited jurisdiction and uphold bedrock principles of federalism. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

As the removing parties, defendants bear a heavy burden to show that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute is strictly construed in favor of remand, and all ambiguities are construed against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants removed this case on the basis of federal-question jurisdiction, which extends to civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]rising under" federal jurisdiction is present "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841 (1983). Under the latter test, federal jurisdiction will be present if the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363 (2005). Further, a federal court must be able to consider such a case "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. In other

words, the test's four elements can be succinctly stated as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). In the realm of federal-question jurisdiction, which is already quite narrow, the Court has described these cases as a "special and small category" in which arising under jurisdiction may be present. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S. Ct. 2121 (2006). These cases are rarely found, ensuring the division of labor between courts of limited and general jurisdiction is respected. *See Singh*, 538 F.3d at 338.

Defendants argue that plaintiffs have "expressly pleaded a federal question" because plaintiffs allege that defendants' actions denied plaintiffs their grievance rights under local, state, and federal law. Dkt. 2 at 3 ¶ 6 (citing Dkt. 2, Ex. A at 10 ¶ 17). To accept defendants' removal argument, however, would lead the court into a jurisdictional cavern of limitless depth. The plaintiffs' requests for declaratory and injunctive relief do not "necessarily" raise the federal issue of their First Amendment right "to petition the Government for a redress of grievances." U.S. CONST. amend. I. The core of plaintiffs' claims are grounded on alleged violations of the City Charter, and state-law issues predominate over any purported federal interest. Indeed, the plaintiffs' allegation of damages is premised on multiple theories of local, state, and federal law, none of which is dispositive. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S. Ct. 2166 (1988) (holding that when a plaintiff's claim may succeed for reasons independent of federal law, the claim "does not arise under those laws"). To hold otherwise would expose federal courts to

every case in which a plaintiff requests state-law relief to prevent multiple harms, each of which is sufficient to succeed, and only one of which implicates a federal right.  This the court will not do.

In sum, defendants have failed to carry their removal burden to show that plaintiffs' petition raises a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Exercising its independent jurisdictional review duties *sua sponte*, the court finds that subject-matter jurisdiction is lacking, and pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas.

It is so **ORDERED**.

Signed at Houston, Texas on August 7, 2014.

_____
Gray H. Miller
United States District Judge